IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

**Chandra Watkins,**

    **Plaintiff,**

**v.**

**Frontier Airlines, Inc.,**

    **Defendant.**

## COMPLAINT

Plaintiff Chandra Watkins ("Watkins" or "Plaintiff") states the following Complaint against Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant").

### NATURE OF ACTION

Watkins brings this action for damages as a result of Defendant's discrimination against her on the basis of her disability in violation of The Americans with Disability Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA").

### PARTIES

1. Watkins is a citizen of the State of Colorado and a member of a protected class of individuals as defined by C.R.S. § 24-34-402. Specifically, Watkins was disabled or perceived disabled at all relevant times herein. All the events and transactions upon which this suit is based occurred in the State of Colorado.

2. Defendant Frontier is an "employer" as defined by C.R.S. § 24-34-401(3) with a principal office located at 4545 Airport Way, Denver, Colorado 80239.

3. Watkins was employed by Defendant during all relevant time periods.

## JURISDICTION

4. Jurisdiction is invoked pursuant to 28 U.S.C §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §§703, 704 and 706(f)(3) of Title VII, 42 U.S.C. §§2000e- 2, 2000e-3 2000e-5(f)(3), and 1981. The Court has continuing jurisdiction to hear Plaintiff's state law claims in accordance with Fed.R.Civ.P. 18(a).

## ADMINISTRATIVE PROCEDURES

5. Watkins has timely and properly exhausted her administrative remedies by filing an initial Charge with the Colorado Civil Rights Division (Charge No. E2200012907) and the Equal Employment Opportunity Commission ("EEOC" (Charge No. 32A-2021-00758)) on July 22, 2021, based upon grounds of disability discrimination.

6. This lawsuit is timely filed within 90 days after Watkins' receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission on September 13, 2022.

## FACTUAL ALLEGATIONS

7. Watkins incorporates by reference the allegations set forth above.

8. Watkins began work with Defendant in or around November 2017 as a Maintenance Coordinator.

9. During her employment Watkins performed her job duties satisfactorily and never received performance reprimands or any disciplinary action.

10. In or around October 2020, Watkins requested to be enrolled in the Employee Assistance Program ("EAP") for a qualifying disability under the Americans with Disabilities Act.

11. Watkins was immediately placed on suspension by Frontier and told by her supervisor, Marintya Aguilar, that she would not be allowed to return to work until she completed the program.

12. Due to the leave of absence, Watkins was removed from the schedule and no longer received company benefits. The benefits were necessary to complete the program.

13. Watkins expressed to Aguilar that she could not afford to take the leave of absence and that her initial email asking to enroll in EAP was worded allegedly incorrectly.

14. Aguilar responded to Watkins and stated Watkins had till March 5, 2021, to provide a Leave of Absence document and until March 15, 2021, to enroll in treatment.

15. On or around March 3, 2021, Watkins sent an email to Tyler Bartlett ("Bartlett"), HR Personnel, explaining that she felt that she was being forced to take a leave of absence while she was unable to afford the treatment. Watkins asked that she be able to continue to work and while getting treatment and counseling.

16. Watkins was able to perform her regular duties with or without reasonable accommodations.

17. During a phone conversation on March 10, 2021, Bartlett stated that Frontier "dropped the ball" in its communication with Watkins and apologized for not explaining the process. Bartlett added that Frontier believed Watkins was already on a Leave of Absence since November.

18. On or around March 15, 2021, Watkins has a phone conversation with Dr. Ngumba, SAP Doctor, who confirmed that she never stated that Watkins could not work. Aguilar originally told Watkins that Dr. Ngumba's recommendation was the reason she told Watkins that she could not work on March 1st.

19. On or about April 2, 2021, Watkins was terminated for not completing the SAP Program.

20. As a result of Defendant's actions, Watkins suffered damages.

### FIRST CAUSE OF ACTION
(Disability Discrimination – ADA/ADAA)

20. The preceding allegations are incorporated by reference as it fully stated herein.

21. Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

22. Watkins has a qualifying disability and/or was perceived as having a disability.

23. Defendant willfully and intentionally subjected Watkins to a disability discrimination.

24. Defendant knew its action violated the ADA or it was recklessly indifferent in that regard.

25. Watkins was discharged from her position in part due to the fact that she had a disability.

26. As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, earnings, diminution of future earnings capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney's fees, costs and expenses, and other damages to be determine at trial. Plaintiff claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## SECOND CAUSE OF ACTION
### (Retaliation-ADA § 12203)

27. The preceding allegations are incorporated by reference as it fully stated herein.

28. Defendant's conduct in subjecting Watkins to the above-described adverse employment actions are in violation of the ADA § 12112.

29. The effect of these statutory violations was to deprive Watkins of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADEA, ADA and/or ADAAA.

30. The statutory violations were intentional.

31. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Watkins federally protected rights.

32. As a result of the actions of Defendant, Watkins suffered damages.

WHEREFORE, Perkins respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal

humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss and loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorneys fees, and such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 18th day of November 2022.

      BACHUS & SCHANKER, LLC

*/s/ Sara A. Green*
Sara A. Green, Esq., #34403
BACHUS & SCHANKER, L.L.C.
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Attorney for Plaintiff
Phone Number: (303) 893-9800
Fax Number: (303) 893-9900