**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:22-cv-02997-KLM

CHANDRA WATKINS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT [ECF #1]**

---

Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant"), by and through its undersigned counsel, respectfully submits its Answer and Defenses to the Complaint [ECF #1] ("Complaint") filed by Plaintiff Chandra Watkins ("Plaintiff"). Defendant denies all allegations not expressly admitted herein and further answers as follows:

**NATURE OF ACTION**

Defendant admits that Plaintiff purports to bring this action for damages under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101, *et seq*. ("ADA"), but denies that it discriminated against Plaintiff on the basis of any alleged disability and denies that she is entitled to any damages or other relief. Defendant denies the remaining allegations set forth in the "NATURE OF ACTION" Paragraph set forth in Plaintiff's Complaint.

## PARTIES

1. Defendant admits, upon information and belief, that Plaintiff is a citizen of the State of Colorado. Defendant denies that all the events and transactions alleged occurred. The remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies them.

2. Defendant admits its principal office is located at 4545 Airport Way, Denver, Colorado 80239. The remaining allegations in Paragraph 2 of Plaintiff's Complaint state a legal conclusion to which no response is required.

3. Defendant admits Plaintiff was previously employed by Defendant. The remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint state a legal conclusion to which no response is required.

## JURISIDICTION

4. The allegations set forth in Paragraph 4 of Plaintiff's Complaint state a legal conclusion to which no response is required.

## ADMINISTRATIVE PROCEDURES

5. Defendant admits, upon information and belief, that Plaintiff filed a Charge of Discrimination ("Charge") with the Colorado Civil Rights Division (Charge No. E2200112907) and the Equal Employment Opportunity Commission ("EEOC") (Charge No. 32A-2021-00758) on July 22, 2021. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint to the extent they contradict or are inconsistent with the Charge, which speaks for itself and is the best evidence of its contents. The remaining allegations set forth in Paragraph 5 of Plaintiff's

Complaint state a legal conclusion to which no response is required. Further responding, Defendant denies engaging in any wrongdoing as alleged in the Charge.

6. Defendant admits that the EEOC's Notice of Right to Sue is dated September 13, 2022. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore, denies them.

## FACTUAL ALLEGATIONS

7. Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-6 of Plaintiff's Complaint.

8. Defendant admits that it employed Plaintiff as a Maintenance Program Coordinator. Defendant denies the remaining allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The allegations set forth in Paragraph 10 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits Plaintiff was not on the schedule during her leave of absence. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore, denies them.

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint to the extent they contradict or are inconsistent with the email response to which they refer, which speaks for itself and is the best evidence of its contents.

15. Defendant denies the allegations in Paragraph 15 of the Complaint to the extent they contradict or are inconsistent with the email to which they refer, which speaks for itself and is the best evidence of its contents.

16. The allegations set forth in Paragraph 16 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies them.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and therefore, denies them.

19. Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (Disability Discrimination – ADA/ADAA)

20. Defendant incorporates by reference, as though specifically set forth herein, its responses to Paragraphs 1-19 of Plaintiff's Complaint.[1]

21. The allegations set forth in Paragraph 21 of Plaintiff's Complaint state a legal conclusion to which no response is required.

22. The allegations set forth in Paragraph 22 of Plaintiff's Complaint state a legal conclusion to which no response is required.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

---

[1] Defendant has included two paragraphs numbered Paragraph 20 to correspond to the numbering in Plaintiff's Complaint.

4

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that Plaintiff purports to seek compensatory damages. The remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies them.

### SECOND CAUSE OF ACTION
### (Retaliation-ADA § 12203)

27. Defendant incorporates by reference, as though specifically set forth herein, its response to Paragraphs 1-26 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

Responding to the "WHEREFORE" paragraph in Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any of the relief she seeks. Defendant reserves the right to seek its attorneys' fees and costs incurred in defending this action.

Responding to Plaintiff's demand for a jury trial, Defendant admits Plaintiff has demanded a trial by jury on all issues so triable.

Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant reserves the right to rely upon the foregoing and following denials, affirmative and other defenses to the claims asserted in the Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its rights to amend or supplement its responses to the Complaint, as well as its defenses, as information is gathered through discovery.

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim for which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent they are based on matters that were not included in an underlying Charge of Discrimination.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an at-will employee, as that term is defined under Colorado common law and therefore, could have been terminated at any time, for any reason (not specifically prohibited by state or federal law), and with or without cause.

4. Plaintiff's claims are subject to statutory caps on damages and any damages awarded must be reduced to the level of the caps.

5. Plaintiff's claims are barred, in whole or in part, because each and every action taken by Defendant with regard to Plaintiff's employment was taken in good faith and was based on legitimate, non-discriminatory and non-retaliatory factors.

6. Plaintiff's claims are barred, in whole or in part, because no adverse employment action was taken because of any disability.

7. Plaintiff's claims are barred, in whole or in part, because no proximate cause or causal connection exists between any alleged protected activity and any adverse action.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not, and never has been, a qualified individual with a disability for purposes of the ADA.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff was unable to perform the essential functions of her position, with or without reasonable accommodation.

10. Defendant maintains policies prohibiting disability discrimination and retaliation that it publicizes and on which it trains its employees and supervisors. Defendant makes reasonable, good faith efforts to prevent disability discrimination and retaliation from occurring and is therefore not liable to the extent that employment decisions of third parties or managerial agents, if any, were contrary to Defendant's good-faith efforts to comply with the law. All actions taken by Defendant were taken in good faith, were not willful, and were based on legitimate, non-discriminatory and non-retaliatory reasons. Accordingly, Plaintiff is not entitled to recover punitive damages.

11. Plaintiff is not entitled to punitive damages because the Complaint and the claims set forth therein fail to plead sufficient facts to support recovery of punitive damages.

12. Plaintiff is not entitled to special damages, double damages, liquidated damages, and/or punitive damages because all actions regarding Plaintiff were taken in good faith and for legitimate reasons, and without malice, willfulness, reckless indifference to Plaintiff's protected rights, evil intent, discriminatory intent, or intent to violate any law.

13. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same actions, irrespective of any alleged impermissible motivating factor(s), for legitimate, non-discriminatory and non-retaliatory reasons.

14. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same actions for legitimate reasons unrelated to any request for accommodation under the ADA or any activity protected by the ADA.

15. Plaintiff's claims are barred, in whole or in part, because the accommodations requested by Plaintiff were not reasonable and would have imposed an undue burden on Defendant.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to engage in and was responsible for the breakdown of the ADA interactive process.

17. Plaintiff's claims are barred, in whole or in part, because to the extent any third party, agent, or employee of Defendant engaged in any unlawful conduct, such conduct was committed outside the course and scope of such individual's authority, and was not authorized, adopted, or ratified by Defendant, and/or Defendant did not know nor should it have known of such conduct.

18. Plaintiff's claims for damages or other relief may be barred or limited by the after-acquired evidence doctrine.

19. Plaintiff's damages, if any, are limited or barred because they are speculative.

20. Plaintiff's claims fail to the extent they are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and/or unclean hands.

21. To the extent that Plaintiff has failed to comply with her duties to mitigate her alleged damages, Plaintiff's damages are barred or limited.

22. Defendant designates all denials of material allegations as defenses to the extent necessary to provide Defendant with a complete defense in the above-captioned litigation.

WHEREFORE, Defendant Frontier Airlines, Inc. requests that the Court: (1) dismiss Plaintiff's Complaint with prejudice; (2) deny Plaintiff's demands and prayer for relief; (3) award Defendant its costs and reasonable attorneys' fees incurred in defense of this action; and (4) grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of January, 2023.

*s/ Carolyn B. Theis*
Stephen E. Baumann
Carolyn B. Theis
Hannah J. Fitzgerald
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email:  sbaumann@littler.com
            catheis@littler.com
            hfitzgerald@littler.com

*Attorneys for Defendant Frontier Airlines, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2023, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT [ECF #1]** was filed via the CM/ECF system which caused a copy to be served upon the following:

Sara A. Green
BACHUS & SCHANKER, L.L.C.
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Phone Number: (303) 893-9800
Email: sara.green@coloradolaw.net

*Attorney for Plaintiff*

*s/ Elisabeth L. Egan*
Elisabeth L. Egan