**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02997-KLM

CHANDRA WATKINS, *individually*,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference in this matter is set for January 26, 2023, at 10:00 AM in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties are represented as follows:

For Plaintiff Chandra Watkins:

> Sara A. Green
> Bachus & Schanker, LLC
> 101 W. Colfax Ave., Suite 650
> Denver, CO 80202
> Telephone: 303.893.9800

For Defendant Frontier Airlines, Inc.:

> Stephen E. Baumann II
> Carolyn B. Theis
> Hannah J. Fitzgerald
> Littler Mendelson, P.C.
> 1900 16th Street, Suite 800
> Denver, CO 80202
> Telephone: 303.629.6200

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: Plaintiff began work with Defendant in or around November 2017 as a Maintenance Coordinator. During her employment she performed her job duties satisfactorily and never received performance reprimands or any disciplinary action. In or around October 2020, Watkins requested to be enrolled in the Employee Assistance Program ("EAP") for a qualifying disability under the Americans with Disabilities Act. Plaintiff could perform her job duties with or without reasonable accommodations. Plaintiff was fully able to work. She was immediately placed on suspension by Frontier and told by her supervisor, Marintya Aguilar ("Aguilar"), that she would not be allowed to return to work until she completed the program. Due to the involuntary leave of absence, Plaintiff was removed from the schedule and no longer received company benefits. The benefits were necessary to complete the program. Plaintiff expressed to Aguilar that she could not afford to take the leave of absence. Aguilar responded to Plaintiff and stated that Plaintiff had only a very small amount of time to complete the documentation and enroll in the program. Plaintiff complained about the treatment and deadlines. Defendant admitted that it "dropped the ball" in its communication with Plaintiff and apologized for not explaining the

process. On April 2, 2021, Plaintiff was terminated for not completing the SAP Program, in violation of the American with Disabilities Act.

    b.    **Defendant**: Frontier denies Ms. Watkins's characterization of the facts and her allegations that Frontier discriminated and retaliated against her on the basis of her alleged disability. To the contrary, Frontier terminated Ms. Watkins's employment for a legitimate, non-discriminatory, non-retaliatory reason: Ms. Watkins refused to comply with Frontier's substance abuse program ("SAP") requirements.

Frontier's defenses and affirmative defenses are more fully set forth in its Answer.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Ms. Watkins was employed by Frontier as a Maintenance Program Coordinator.
2. Frontier terminated Ms. Watkins's employment.

### 5. COMPUTATION OF DAMAGES

**Plaintiff:** Ms. Watkins was making approximately $42,000 a year ($3,500 month) while employed with Defendant. She had full benefits including medical, dental and vision for herself and her child. Ms. Watkins was ot of work for nine (9) months for a loss of approximately $31,500 (not including the loss of benefits). Ms. Watkins currently makes approximately $38,376 a year, in a temporary position, with no benefits.

Plaintiff will seek noneconomic damages in the same amount for humiliation,

severe emotional pain, inconvenience, and mental anguish.

Plaintiff will seek punitive damages in accordance with the statutory caps.

Plaintiff will also seek to recover attorney's fees, costs, interest and expert fees.

3

These amounts are unknown at the present time.

**Defendant:** Frontier is not seeking any damages at this time. Frontier may seek its attorneys' fees and costs incurred in defending this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.    Date of Rule 26(f) meeting.**

January 13, 2023.

**b.    Names of each participant and party he/she represented.**

Sara A. Green for Plaintiff Chandra Watkins.

Carolyn B. Theis for Defendant Frontier Airlines, Inc.

**c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties agree to exchange written initial Rule 26(a)(1) disclosures on or before January 20, 2023. Frontier agrees to produce documents upon entry of a stipulated protective order.

**d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None at this time.

**e.    Statement concerning any agreements to conduct informal discovery.**

None.

**f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to the use of a unified exhibit numbering system. The parties will also take all reasonable steps to reduce discovery and reduce costs.

**g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

4

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  Each party may have emails or electronically stored information relevant to their claims and/or defenses and agree to preserve each and every such electronically stored information on the devices in their possession.  The parties will produce documents in PDF or TIFF format with load files.  In the event either Plaintiff or Frontier seeks information in native or another form, the parties agree to discuss this request.

      **h.**      **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff has not made any settlement demand since commencing this litigation.  Frontier agrees to discuss a possible settlement or other resolution of the case in response to a settlement demand from Plaintiff.

### 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      **a.**      **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to a maximum of five (5) depositions per party, exclusive of experts.  The parties further agree to a maximum of 25 interrogatories per party.

      **b.**      **Limitations which any party proposes on the length of depositions.**

The parties agree to limit depositions to no more than seven (7) hours, or a lesser number of hours where possible.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to a maximum of 25 requests for production and 25 requests for admission per side.

    **d.**    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

45 days before the discovery cutoff.

    **e.**    **Other Planning or Discovery Orders.**

The parties anticipate submitting a Protective Order to be negotiated by the parties and consistent with the Court's Local Rules and the applicable Judicial Practice Standards.

### 9. CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

February 1, 2023.

    **b.**    **Discovery Cut-off:**

August 21, 2023.

    **c.**    **Dispositive Motion Deadline:**

September 21, 2023.

    **d.**    **Expert Witness Disclosure:**

        **1.**    The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff:**

**Defendant:** At this time, Frontier does not currently anticipate the need for an affirmative expert, but reserves the right to reconsider its need for an affirmative expert and reserves the right to call an expert in rebuttal.

6

      **2.**      **Limitations which the parties propose on the use or number of expert witnesses.**

The parties propose a limit of two (2) retained experts per side, not including rebuttal experts. The parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert.

      **3.**      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 26, 2023**.

      **4.**      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 26, 2023**.

**e.**      **Identification of Persons to Be Deposed:**

| Name | Good Faith Estimate of Time Needed |
|---|---|
| **Plaintiff:** | |
| Rule 30(b)(6) | 7 hours |
| Marintya Aguilar | 7 hours |
| Tyler Bartlett | 7 hours |
| Add'l fact witnesses discovered during discovery | Up to 7 hours per witness |
| Defendant's expert(s), if any | 5 hours per expert |
| Any individual disclosed by Defendant | Up to 7 hours per witness |
| **Defendant:** | |
| Plaintiff Chandra Watkins | 7 hours |
| Plaintiff's expert(s), if any | 7 hours per expert |
| Any individual disclosed by Plaintiff | Up to 7 hours per witness |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

b. **Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a three-day jury trial.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. District Court, LaPlata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___ day of January, 2023.

BY THE COURT:

United States Magistrate Judge Kristen L. Mix

APPROVED:

| | |
|---|---|
| *s/ Sara A. Green* | *s/ Carolyn B. Theis* |
| Sara A. Green | Stephen E. Baumann |
| BACHUS & SCHANKER, L.L.C. | Carolyn B. Theis |
| 101 W. Colfax Ave., Suite 650 | Hannah J. Fitzgerald |
| Denver, Colorado 80202 | LITTLER MENDELSON, P.C. |
| Phone Number: (303) 893-9800 | 1900 Sixteenth Street, Suite 800 |
| Fax Number: (303) 893-9900 | Denver, CO  80202 |
| Email: sara.green@coloradolaw.net | Telephone: (303) 629-6200 |
| | Facsimile: (303) 629-0200 |
| *Attorney for Plaintiff* | Email:  sbaumann@littler.com |
| | catheis@littler.com |
| | hfitzgerald@littler.com |
| | *Attorneys for Defendant* |