IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02997-PAB-KLM

CHANDRA WATKINS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**PLAINTIFF'S AMENDED PROPOSED SCHEDULING ORDER TO AMEND DAMAGES**

### 5.  COMPUTATION OF DAMAGES

Plaintiff: Ms. Watkins was making approximately $42,000 a year ($3,500 month) while employed with Defendant. She had full benefits including medical, dental and vision for herself and her child. Ms. Watkins was out of work for nine (9) months for a loss of approximately $31,500 (not including the loss of benefits).  Ms. Watkins currently makes approximately $38,376 a year, in a temporary position, with no benefits.

Ms. Watkins received unemployment benefits in the amount of $11,492.00. In 1951, the Supreme Court in *NLRB v. Gullett Gin Co*., 340 U.S. 361 (1951) ruled that unemployment benefits are collateral benefits and as such they are interim earnings and are not offset against gross backpay. In 1992, in *Technical Computer Services v. Buckley*, 844 P.2d 1249 (1992) (cert. denied). The Colorado Court of Appeals held that unemployment benefits are a collateral source of income and therefore should not be deducted from back pay awards in various types of cases, including breach of contract and wrongful discharge cases. In *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d

1

1544 (10th Cir. 1988), the U.S. Court of Appeals did not find error in the trial court's refusal to offset Plaintiff's unemployment compensation, stating that "unemployment compensation is a collateral source which is not traditionally deducted from a damage award." There are multiple district court cases decisions as recent following the *Technical Computer* holding and not deducting unemployment benefits form back pay awards. Recently, in *Fresquez v. BNSF Ry. Co.*, 421 F. Supp. 3d 1099 (D. Colo. 2019), aff'd, 52 F.4th 1280 (10th Cir. 2022), and aff'd, 52 F.4th 1280 (10th Cir. 2022), the court explained that Tenth Circuit and District of Colorado do not reduce back pay by the amount of unemployment received, and the court in this case will follow the rule that unemployment benefits should not be deducted from any back pay award. This is contrasted with one Colorado statute C.R.S. 8-2-119, which expressly requires the deduction of unemployment benefits from back pay.

    Plaintiff will seek noneconomic damages in the same amount for humiliation, severe emotional pain, inconvenience, and mental anguish.

    Plaintiff will seek punitive damages in accordance with the statutory caps.

    Plaintiff will also seek to recover attorney's fees, costs, interest and expert fees.

    These amounts are unknown at the present time.

Dated this 1st day of February 2023.

    *s/ Sara A. Green*
Sara A. Green
BACHUS & SCHANKER, L.L.C.
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Phone Number: (303) 893-9800
Fax Number: (303) 893-9900

2

Email: sara.green@coloradolaw.net

*ATTORNEY FOR PLAINTIFF
CHANDRA WATKINS*