IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02997-PAB-KLM

CHANDRA WATKINS,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

## [PROPOSED] PROTECTIVE ORDER

This matter comes before the Court on the parties Joint Motion for Entry of a Protective Order. The Court has reviewed the Joint Motion. Pursuant to Federal Rule of Civil Procedure 26(c), as well as Federal Rules of Evidence 502(d) and (e), the parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, **IT IS ORDERED:**

**I.    RECITALS**

    A.    Plaintiff's Complaint [Dkt. No. 1] asserts claims under the Americans with Disabilities Act ("ADA").

    B.    Some of the information the parties will seek or develop through discovery in this case may contain or consist of information that the producing party may claim is private, proprietary, trade secret information, or otherwise confidential information that is entitled to protection.

C. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving any evidentiary protections or privileges applicable to the information contained in the material produced.

II. **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

A. "Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

B. "Designating Party" means the party who wishes to designate or has designated Discovery Material as Confidential.

C. "Discovery Material" means all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to discovery requests, responses to subpoenas, inspections, examinations of premises, examinations of facilities, physical evidence, electronically stored information (including metadata), witness interviews, and any other information produced, or otherwise given or exchanged by and among the parties and non-parties to, and as part of, this action.

D. "Producing Party" means any party or non-party to this action producing Discovery Material.

E. "Receiving Party" means the party receiving Discovery Material.

III. **TERMS**

A. Confidential Discovery Material

Any Producing Party or Designating Party may designate any Discovery Material

as "Confidential" under the terms of this Order. Any Discovery Material designated by a party as confidential must be based on the good faith belief that the Discovery Material is confidential or otherwise entitled to protection. The burden shall be on the Designating Party to demonstrate, when and if designation is challenged, that the Discovery Material contains non-public, personal, medical, proprietary, trade secret, or other confidential information that requires the protections provided in this Order. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information:

1. Any material of a confidential nature, including, without limitation, confidential non-public information relating to Defendant's operations, policies and procedures, employment agreements, contracts, agreements, personally identifying information, medical information, policies, codes, financial information, compensation information, plans, formulae, personnel information, nonpublic contact information, identity and key contact information of decision-makers, and records relating to confidential internal investigations;

2. Non-public personal information, including contact information, credit or debit card numbers, social security numbers, drivers' license numbers, bank or financial account information or password information, or medical information;

3. Any material qualifying for protection under any other federal or state law, including the Uniform Trade Secrets Act, C.R.S. § 7-74-101, *et seq.*

B.  Designation Procedure

The designation of Discovery Material as "Confidential" for the purposes of this

Order shall be made in the following manner by any Designating Party:

1. In the case of the production of documents, by stamping at least the first page of a document, and if possible, each and every page to be designated "Confidential," with the legend "Confidential."

2. In the case of deposition or other pretrial testimony, by a statement on the record at the time the testimony is given, that particular testimony is "Confidential." The entirety of a deposition may not be designated as confidential without good cause. "Good cause" in this provision shall mean that the party designating an entire deposition to be confidential shall provide the opposing party with a conferral letter reasonably describing why the general subject matters addressed in the testimony are deemed "Confidential" information as defined in Section III.A.1-3 above. Confidential testimony may also be designated by the Designating Party by written notice to the court reporter and the Receiving Party, specifying by page and line number the material to be classified as "Confidential." To be effective, the notice must be sent within forty-five (45) days of the date on which the Designating Party received a copy of the transcript. In either event, the Designating Party shall direct the court reporter and the Receiving Party to affix the appropriate confidentiality stamp to any portion of the original transcript and all copies of the transcript. Those portions of the transcript so designated shall be deemed "Confidential Discovery Material." Depositions or other pretrial testimony shall be treated as confidential during the 45-day designation period described above.

3. In the case of any other production of Discovery Material not otherwise specifically identified above, a written statement made by the Designating Party to the Receiving Party, identifying the Discovery Material that is "Confidential."

4. The parties to this Order may modify the procedures set forth in this agreement on the record at a deposition or by agreement in writing without further order of the Court.

5. The Designating Party must take care and exercise good faith to designate for protection only those parts of Discovery Material that qualifies for protection.

C. <u>Disclosure of Confidential Discovery Material</u>

Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding. Discovery Material designated as "Confidential" may be disclosed only to the following persons:

1. Court officials (including court reporters, any special master or technical advisory personnel, and jurors appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this Action, including at trial as set forth below;

2. Any named party, counsel to a party (whether or not they have entered appearances in this action), in-house counsel for corporate parties, employees of corporate parties, and legal, clerical, paralegal and secretarial staff employed or retained by counsel or in-house counsel, including outside copying services;

3. Experts or consultants retained in connection with this action, only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions in this case, or to otherwise assist in the prosecution or defense of this action. Before receiving any Confidential Discovery Material, the consultant or expert shall agree to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of enforcement of the terms of this Order, and agreeing not to disclose or use the Confidential Discovery Materials for purposes other than those permitted by this Order.

4. A deposition witness questioned by in connection with this action, but only to the extent necessary to assist in the prosecution or defense of this action, and provided that (i) the deposing party sends this Order to the deponent (through Defendant's counsel if the deponent is a current employee of any Defendant entity) no less than seven (7) days prior to the date of the deposition and require that the deponent provide a written agreement to be bound by the terms of the Order. If, on or before the deposition, the deponent refuses to be bound by this Order, the deponent's refusal must be noted on the deposition record, the deponent must be informed that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition, may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Order. Should a deponent refuse to be bound by the Order, any party may ask the Court to require that the deponent be bound. If a request is made but the Court does not so order, then the deponent shall not be bound by the Protective Order.

5. The claims counsel or representative of any insurer of any party (if any), provided that (i) the disclosure is made only in connection with a claim for defense or indemnity arising from this action, and (ii) claims counsel or representative agrees to be bound by the terms of this Order.

6. Any individual identified by a party as a person with knowledge, but only to the extent necessary to assist in the prosecution or defense of this action, and provided that the person agrees to be bound by the terms of this Order. If such individual refuses to be bound by this Order, the individual shall be provided with a copy of this Order, informed that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with the case and in conformity with the Protect Order, may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Order. A record of the disclosure shall be maintained by the party or their counsel, which shall be available in the appropriate circumstances for in-camera examination by the Court.

D. <u>Inadvertent Disclosure</u>

The Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings). The inadvertent disclosure or production of any Discovery Material in this action is governed by The Stipulated Order entered by the Court concerning Federal Rule of Evidence 502(d) [ECF # 23]. The inadvertent disclosure or production of any Discovery Material also shall not result in any waiver, including subject

matter waiver, evidentiary protection or other protection associated with Discovery Material of any kind.

  E. <u>Designation Disputes</u>

    1. Nothing in this Order shall modify or otherwise supersede Judge Philip A. Brimmer or Magistrate Judge Kristen L. Mix's civil practice standards to resolve discovery disputes.  To the extent the following provisions do not modify Judge Brimmer or Magistrate Judge Mix's practice standards regarding discovery disputes, the following procedures shall apply.

    2. Any party who objects to the designation of any Discovery Materials as "Confidential" shall notify the Designating Party in writing.  The parties shall meet and confer within ten (10) business days in an attempt to resolve the issue. In the event the issues remain unresolved the Disclosing Party shall, no later than ten (10) business days after conferring with the objecting party, apply to this Court for a ruling on the designation of the Discovery Materials.

    3. The Discovery Material shall continue to be deemed and treated as "Confidential" until the Court resolves the dispute.  In any proceeding to change the designation of any Discovery Material, the burden shall be upon the Designating Party to establish the appropriateness of the "Confidential" designation.  A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

  F. <u>Use Of Confidential Discovery Material In Court Proceedings.</u>

In the event that any Confidential Discovery Material is used in any Court proceeding or appeal in this action, except during the course of a trial, deposition, or

evidentiary proceeding, the parties shall confer in good faith on procedures to protect the confidentiality of the material.  Except during the course of a trial, deposition, or evidentiary proceeding, no party, other than the party who designated the particular material as Confidential, shall offer such Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court, without first advising the Designating Party of its intent to do so.  At that point, the Designating Party may seek protection from the Court as it deems appropriate, including the exclusion of persons and witnesses from the hearing, or the maintenance of the Discovery Material under seal.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.  The use of Confidential Discovery Material in any proceeding shall not limit in any way the rights of any person to petition the Court for further protective measures as may be necessary to protect the confidentiality of the material.

   G. <u>Additional Provisions</u>

   1. The Provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all

persons having received Confidential Discovery Material shall either:  (i) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel, or (ii) destroy all Confidential Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred.  Counsel for the parties shall be entitled to retain Confidential Discovery Material or references to Confidential Discovery Material, <u>provided</u> that counsel, and employees of counsel shall not disclose to any person nor use for any purpose unrelated to this action the Confidential Discovery Material except pursuant to a court order, or agreement with the Designating Party, or for purposes of satisfying its malpractice carrier's requirements or defending a malpractice action.

    2. Should either party fail to perform any provision of this Order or violate any of its terms, including improperly designating or challenging designated Discovery Material, and the other party finds it reasonably necessary to involve court action in aid of enforcement of this Order, then the party whose non-performance or violation of this Order caused the retention of additional legal fees shall be obligated to pay the other party's reasonable attorney fees, other professional service fees, and costs to the extent appropriate under Federal Rule of Civil Procedure 37(a)(5) if so ordered by the Court.

    3. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery material until the newly joined party, by its counsel, or the newly

appearing counsel has executed this Order and provided a copy of this Order to all other counsel in this action, or the Court otherwise orders production.

      4.      Neither this Order, the production or receipt of Confidential Discovery Material, otherwise complying with the terms of this Order, shall:

      a.      Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by that party to be Confidential Discovery Material;

      b.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material subject to this Order;

      c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

      d.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided in this Order with respect to any particular Discovery material; or

      e.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

5. Nothing in this Order shall prevent the Designating Party from using Confidential Discovery material that the party designated as Confidential Discovery Material.

6. Nothing in this Order shall preclude any party from seeking additional or different protection from the Court, or from filing a motion about the manner in which Confidential Discovery material should be treated at any hearing or trial herein.

7. Should the Court not enter this Stipulation as an Order, it shall remain binding upon the parties until the Court enters a different protective order providing substantially similar protections to those contained in this Stipulation. Once entered, this Order shall remain in effect unless and until the Court amends or extinguishes it.

DATED this __ day of _____, 2023.

BY THE COURT

_____
Hon. Kristen L. Mix
U.S. Magistrate Judge

**EXHIBIT A**
**UNDERTAKING**

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state:

    (1) my present address is_____;

    (2) my present employer is_____;

    (3) the address of my present employer is_____; and

    (4) my present occupation or job description is: _____.

    (5) I have received a copy of the Protective Order in this case (Civil Action No. 1:22-cv-02997-PAB-KLM). I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts, or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts, or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained, or by any unrepresented party by whom I am retained.

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )

Subscribed and sworn to me this ____ day of _____, 20__, by _____

                                              _____
                                              Notary Public

                                              My Commission expires: _____